**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 14, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

<u>**PUBLISH**</u>

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

AMERICAN SOCIETY OF HOME
INSPECTORS, INC.,

    Plaintiff Counterclaim Defendant-
    Appellee,

and

EXAMINATION BOARD OF
PROFESSIONAL HOME INSPECTORS,

    Plaintiff,

v.

INTERNATIONAL ASSOCIATION OF
CERTIFIED HOME INSPECTORS,

    Defendant Counterclaimant-
    Appellant,

and

NICKIFOR GROMICKO, a/k/a Nick
Gromicko,

    Defendant.

No. 21-1087

_____

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 1:18-CV-01559-RBJ)**

_____

Matthew Furton, Locke Lord, Chicago, Illinois (Hannah Oswald, Locke Lord, Chicago, Illinois, and Frank Lopez, Glade Voogt Lopez & Smith PC, Denver, Colorado, with him on the briefs), for Defendant and Defendant Counterclaimant-Appellant.

Robert S. Grabemann, Daspin & Aument LLP, Chicago, Illinois (Geoffrey N. Blue, Gessler Blue LLC, Greenwood Village, Colorado, with him on the brief), for Plaintiff and Plaintiff Counterclaim Defendant-Appellee.

_____

Before **TYMKOVICH**, Chief Judge, **CARSON**, and **ROSSMAN**, Circuit Judges.

_____

**TYMKOVICH**, Chief Judge.

_____

This appeal concerns a Lanham Act dispute between two national associations of home inspectors: the International Association of Certified Home Inspectors (InterNACHI) and the American Society of Home Inspectors (ASHI). The competing trade associations offer memberships to home inspectors, who typically inspect homes prior to home sales. Benefits of membership in InterNACHI and ASHI include online advertising to home buyers, educational resources, online training, and free services such as logo design.

From 2015 to 2020, ASHI featured the following slogan on its website below its organizational logo: "American Society of Home Inspectors. Educated. Tested. Verified. Certified."



Contending this tagline misleads consumers, InterNACHI sued ASHI under the Lanham Act, 15 U.S.C. § 1125(a), which provides a private right of action against

any person who uses false or misleading statements in commercial advertising. InterNACHI claims ASHI's tagline constitutes false advertising because it inaccurately portrays ASHI's entire membership as being educated, tested, verified, and certified, even though its membership includes so-called "novice" inspectors who have yet to complete training or become certified. InterNACHI argues this misleading advertising and ASHI's willingness to promote novice inspectors to the public caused InterNACHI to lose potential members and dues revenues.

The district court granted summary judgment in favor of ASHI. The court concluded no reasonable jury could find that InterNACHI was injured by ASHI's allegedly false commercial advertising.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm. To prevail on its false advertising claim under the Lanham Act, InterNACHI must show that it suffered or is likely to suffer harm to a reputational or commercial interest resulting from ASHI's false advertising. Because InterNACHI did not present any evidence from which a reasonable jury could find that InterNACHI was injured by ASHI's slogan, the district court did not err in granting summary judgment for ASHI.

## I. Background

InterNACHI and ASHI are competing national organizations that offer memberships to independent home inspectors. Currently, they are the only two

3

national home inspector associations, though many state-level home inspector associations exist.

InterNACHI and ASHI offer similar benefits to members. Those benefits include advertising by geographical location on their websites, providing free online education and resources, and offering free logo designs. Members must pay monthly or yearly dues to maintain an active membership. ASHI has approximately 8,000 active members, and InterNACHI maintains a membership of over 24,000 home inspectors.

ASHI has three membership classes: (1) associate, (2) inspector, and (3) certified inspector. ASHI requires no formal professional qualifications to join as an associate, but associates must complete the organization's standards of practice and ethics modules within one year of joining the organization. To attain inspector or certified inspector status, a member must pass a national or state home inspector exam, conduct a specific number of home inspections, and submit home inspection reports for verification, in addition to completing the ASHI standards of practice and ethics modules. All ASHI members who have held their membership for one year or more are also required to complete continuing education requirements to maintain good standing.

One of the benefits of ASHI membership is listing on ASHI's "Find-an-Inspector" tool on its website. The tool allows prospective home buyers to search for an inspector by location and to view the inspector's qualifications, membership level, and contact information. Users can view the criteria for

ASHI's membership levels by clicking on the membership status next to the name of an inspector in the search results. Even though some ASHI associate home inspectors are novices and have never received training or conducted a home inspection, ASHI advertises all its members as home inspectors through its Find-an-Inspector search engine.

InterNACHI is ASHI's sole national competitor.[1] InterNACHI offers similar membership benefits as ASHI, including advertising home inspectors on its public website, free online education, and free logo design. But unlike ASHI, InterNACHI does not promote novice home inspectors to the public on its website.

In 2019, ASHI sued InterNACHI and its founder, Nick Gromicko, for defamation. It alleged Gromicko made disparaging comments about ASHI in an online forum.[2] In response, InterNACHI filed a counterclaim against ASHI under Section 43(a) of the Lanham Act, alleging that ASHI's tagline—"Educated. Tested. Verified. Certified."—constitutes false advertising and deceives potential home buyers because not every ASHI inspector is educated, tested, verified, or certified. InterNACHI claims the misleading tagline harmed InterNACHI because novice inspectors were incentivized to join ASHI due to the

---

[1]  A third national home inspector association, the National Association of Home Inspectors, closed its doors in 2016.

[2]  The district court consolidated the ASHI case with a similar defamation suit brought by the Examination Board of Professional Home Inspectors (Exam Board) against InterNACHI and Gromicko.

organization's willingness to advertise uncertified associate members as home inspectors through its Find-an-Inspector search engine.

The parties filed cross motions for summary judgment. The district court granted summary judgment for ASHI on InterNACHI's Lanham Act counterclaim. The court concluded that InterNACHI failed to show it was injured by ASHI's tagline, as required for a Lanham Act false advertising claim.[3]

## II.  Analysis

InterNACHI argues the district court erred by granting summary judgment for ASHI on InterNACHI's Lanham Act claim. Specifically, InterNACHI claims the district court incorrectly (1) concluded no reasonable jury could find that InterNACHI was harmed by ASHI's tagline; (2) refused to apply a presumption of harm for InterNACHI as a direct competitor; and (3) dismissed InterNACHI's injunctive relief and disgorgement claims.

Reviewing de novo, we affirm. *See Sally Beauty Co., Inc. v. Beautyco, Inc.*, 304 F.3d 964, 971 (10th Cir. 2002). We agree with the district court that InterNACHI failed to present evidence that shows a commercial injury proximately caused by ASHI's tagline.

Under the Lanham Act, any person who makes false or misleading descriptions of fact in commercial advertising "shall be liable in a civil action by

---

[3] The district court granted summary judgment for InterNACHI and Gromicko on ASHI's defamation claim and related claims, as well as most of Exam Board's claims. Exam Board later voluntarily dismissed its remaining claims against InterNACHI.

any person who believes that he or she is or is likely to be damaged by such act." 15 U.S.C. § 1125(a)(1)(B). "To invoke the Lanham Act's cause of action for false advertising, a plaintiff must plead (and ultimately prove) an injury to a commercial interest in sales or business reputation proximately caused by the defendant's misrepresentations." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 140 (2014). A plaintiff bringing a Lanham Act claim "cannot obtain relief without *evidence* of injury." *Id.*

The district court concluded InterNACHI failed to prove injury or damages. InterNACHI challenges this conclusion and points to the following evidence to demonstrate injury: (1) a survey showing that consumers may be deceived by ASHI's tagline; (2) a substantial increase in ASHI's associate membership after ASHI posted the slogan on its website; and (3) a declaration by InterNACHI's founder stating that ASHI's slogan is harmful to InterNACHI. After a careful review of the record, we conclude this evidence fails to demonstrate that InterNACHI suffered "an injury to a commercial interest in reputation or sales." *See id.* at 131–32.

To support its Lanham Act claim, InterNACHI hired an expert to design and conduct a survey of consumers regarding ASHI's slogan. The expert showed participants ASHI's website and asked them whether ASHI's tagline gives the impression that all home inspectors listed on ASHI's website are educated, tested, verified, and certified. Based on the survey results, the expert determined that 72.4% of the participants thought all home inspectors advertised on ASHI's

7

website possessed the qualities described in the tagline. But after "accounting for guessing and other forms of survey noise," the expert concluded the "net level of deception is 15.2%." App., Vol. I at 161.

While the survey results might be helpful in determining whether *consumers* have been deceived by ASHI's tagline, the results do not shed any light on whether *home inspectors* are more likely to join ASHI instead of InterNACHI due to ASHI's tagline. To show harm, InterNACHI must put forth evidence that ASHI's tagline injured InterNACHI in some way. For example, InterNACHI could demonstrate that its revenue, membership, or website traffic declined after ASHI began using the tagline. But the record is devoid of any such evidence. InterNACHI has not identified a single home inspector who chose to join ASHI rather than InterNACHI due to ASHI's tagline or willingness to hold uncertified inspectors out to the public as fully qualified. Thus, the survey of consumers does not demonstrate an injury to InterNACHI.

Next, InterNACHI claims ASHI's substantial increase in associate membership following implementation of the tagline shows an injury to InterNACHI. In the five years after ASHI began using the tagline, ASHI's associate membership roughly doubled in size. Notwithstanding the fact that home inspectors are free to join both ASHI and InterNACHI, InterNACHI theorizes—again without evidence—that ASHI's increase in membership harms InterNACHI because home inspectors would otherwise have joined InterNACHI instead of ASHI were it not for ASHI's tagline.

We decline to infer harm to InterNACHI from ASHI's increase in associate membership between 2015 and 2020.[4]  At best, the membership spike shows that ASHI benefitted from the tagline—though ASHI claims the increase in membership is attributable to other causes.  For example, around the time ASHI began using the tagline, ASHI also started offering reduced and free memberships to students.  Additionally, ASHI issued memberships to former members of the National Association of Home Inspectors, the national home inspector association that shut down in 2016.

Regardless of the cause of ASHI's membership increase, InterNACHI supplies no evidence that its own membership levels were affected by ASHI's tagline.  In fact, some of InterNACHI's evidence cuts in the opposite direction.  For instance, InterNACHI presented a 2016 email from ASHI's former president explaining that his son—an aspiring but uncertified home inspector—joined InterNACHI due to its superior online education resources.  His son even said that "he can see why so many join [InterNACHI] when they are looking at getting in the [home inspector] profession."  App., Vol. I at 219.  This evidence further weakens InterNACHI's claim that ASHI's false tagline lured novice home inspectors away from InterNACHI.

Lastly, InterNACHI claims that a declaration by its founder, Nick Gromicko, in which he alleges harm to InterNACHI caused by ASHI's tagline, is

---

[4]  ASHI removed the tagline from its website in April 2020.

sufficient to survive summary judgment. In his declaration, Gromicko stated that ASHI's "use of th[e] slogan in connection with the Find an Inspector tool is harmful to InterNACHI." *Id.* at 152. Gromicko does not explain why the slogan is harmful to InterNACHI, nor does he offer any factual support for his claim that the slogan injured InterNACHI.

InterNACHI cannot rely on an unsupported and conclusory assertion to establish injury. At the summary judgment stage, InterNACHI must do more than merely speculate that it has been harmed—it must provide evidence from which a reasonable jury could conclude that an injury to InterNACHI has occurred. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) ("[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."); *Conaway v. Smith*, 853 F.2d 789, 794 (10th Cir. 1988) ("In a response to a motion for summary judgment, a party cannot rest on ignorance of facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial.").

In short, InterNACHI has failed to identify a genuine issue of material fact that ASHI's tagline injured InterNACHI. Even though ASHI's tagline was in place on ASHI's website for nearly five years, InterNACHI has provided no evidence that it was harmed during that time. Summary judgment is therefore appropriate.

To be clear, we are not faulting InterNACHI for failing to provide a quantum of damages. This level of specificity is not required at the summary

10

judgment stage.  The problem is that instead of putting forth *any* evidence

demonstrating that it was injured by ASHI's tagline, InterNACHI relies solely on

speculation and conjecture to establish harm.  Based on this lack of evidence, no

reasonable jury could conclude that InterNACHI was injured by ASHI's tagline.[5]

InterNACHI argues that even if it has not demonstrated an injury to a

commercial interest, we should presume harm because InterNACHI is ASHI's

sole competitor in the national home inspector market.  The district court rejected

this argument, explaining that a direct competitor must still produce "some

evidence of causation and injury" and cannot "rely entirely on a presumption

based on competition."  App., Vol. II at 322 (quoting *Gen. Steel Domestic Sales,*

*LLC v. Chumley*, 129 F. Supp. 3d 1158, 1178–79 (D. Colo. 2015)).[6]

---

[5]  The lack of evidence of injury also dooms InterNACHI's injunctive relief
claim.  To enjoin ASHI's use of the tagline, InterNACHI must show a likelihood
of harm, which InterNACHI has failed to do.  *See Lexmark*, 572 U.S. at 135 (a
plaintiff may be entitled to injunctive relief under the Lanham Act "assuming it
can prove a likelihood of future injury").

[6]  The district court also declined to presume harm because InterNACHI "admit[s]
that the associates who joined ASHI might not have been welcome at
InterNACHI even if they had wanted to join."  App., Vol. II at 323.  Based on
this admission, the district court concluded that "ASHI was the only membership
service in this two-player market that would allow novice home inspectors to gain
experience and be advertised to homeowners prior to certification."  *Id.*
InterNACHI argues that the district court erred in reaching this conclusion
because InterNACHI never stated that it does not welcome novice home
inspectors.  On the contrary, InterNACHI says it encourages novices to join its
association—it simply does not advertise novices to the public on its website.
After a review of the record, we agree with InterNACHI that it never stated it
does not offer memberships to uncertified home inspectors.

True, we have noted in dicta that other circuits have allowed "a factfinder to presume injury caused by representations which are literally false or demonstrably deceptive" in Lanham Act cases. *See Hutchinson v. Pfeil*, 211 F.3d 515, 522 (10th Cir. 2000). But we ultimately declined to apply the presumption in *Hutchinson* in part because "the presumption is properly limited to circumstances in which injury would . . . likely flow from the defendant's objectionable statements." *Id.* Those circumstances might include "when the defendant has explicitly compared its product to the plaintiff's or the plaintiff is an obvious competitor with respect to the misrepresented product." *Id.*

InterNACHI contends it is entitled to a presumption of harm because it directly competes with ASHI for home inspector memberships. We disagree for two reasons.

First, the fact that InterNACHI is ASHI's competitor is insufficient on its own to apply a presumption of harm. InterNACHI still must show that "injury would . . . likely flow" from ASHI's tagline. *See id.* To hold otherwise would mean that "a plaintiff might enjoy a windfall from a speculative award of damages by simply being a competitor in the same market." *Porous Media Corp. v. Pall Corp.*, 110 F.3d 1329, 1334 (8th Cir. 1997). While we may presume harm in certain cases—such as those where a business compares its product to that of its direct competitor or disparages its direct competitor's product in an advertisement—we will not apply the presumption of harm based solely on the fact that the plaintiff and defendant are in competition with each other. Here,

12

ASHI's tagline does not reference InterNACHI or disparage InterNACHI memberships.  Rather, ASHI's tagline consists of four words without any context: "Educated. Tested. Verified. Certified."  As explained above, InterNACHI has failed to show how these words are likely to cause injury to InterNACHI.

Second, although ASHI and InterNACHI are competitors, home inspectors are free to join both associations.  Inspectors may also join one of the many state-specific home inspector associations.  As the Executive Director of ASHI explained, "[H]istorically many ASHI members also belong to InterNACHI or another home inspector association."  App., Vol. II at 284.  Because members can and do belong to both organizations, we cannot presume that any gain in ASHI's membership due to false advertising is necessarily InterNACHI's loss.

In sum, a rational jury could not find that InterNACHI suffered or is likely to suffer a commercial or reputational injury because of ASHI's tagline.  Thus, the district court did not err when it granted summary judgment in favor of ASHI.

## III.  Conclusion

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment in favor of ASHI.